UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Erickson,                                    Civil No. 07-2067 (PAM/JSM)

                    Plaintiff,

v.                                              **ORDER AND MEMORANDUM**

Allianz Life Insurance Company
of North America,

                    Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss for failure to state a claim or for Summary Judgment.  For the reasons that follow, the Court grants the Motion and dismisses this matter with prejudice.

**BACKGROUND**

On December 5, 2004, Plaintiff Joseph Erickson filed a Charge of Discrimination with the Minnesota Department of Human Rights (MDHR) involving his employment with Defendant Allianz Life Insurance Company of North America.  Plaintiff stated that Defendant had employed him from May 15, 1994 until December 22, 1999; that during that time he had complained about his supervisor's discriminatory behavior; and that because of those complaints Defendant refused to consider his January 13, 2004, application for rehire. MDHR dismissed the Charge on March 14, 2005.  By notice dated May 23, 2005, MDHR denied Plaintiff's request to reopen the case and advised Plaintiff that he could bring a civil action against Defendant within 45 days after receipt of the notice pursuant to Minn. Stat. § 363A.33, subd. 1(2).

On June 30, 2005, Plaintiff commenced a pro se civil action against Defendant in Hennepin County District Court alleging "continuation," wrongful termination, constructive discharge, hostile work environment, harassment, sexual harassment, retaliation, defamation, negligence, malfeasance, and "outrage."  Plaintiff cited Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.; and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.02.

On October 12, 2005, Hennepin County Judge Marilyn Brown Rosenbaum granted Defendant's motion to dismiss the action with prejudice pursuant to Minnesota Rule of Civil Procedure 12.02(e).  Grounds were that the allegations were time-barred, that a failure to rehire did not constitute an adverse employment action, and that Plaintiff had failed to obtain a "right to sue" letter.

On December 12, 2005, sixty-one days after the action was dismissed and judgment entered, Plaintiff filed a pro se appeal with the Minnesota Court of Appeals.  On January 24, 2006, the court dismissed the appeal on grounds that Plaintiff had failed to timely and properly serve the Notice of Appeal.  See Minn. R. Civ. App. P. 104.01, subd. 1 (requiring appeals to be taken within sixty days of entry of judgment).  On February 15, 2006, the court of appeals denied Plaintiff's request to "reinstate" the appeal and stated that the proper procedure was to file a request for review with the Minnesota Supreme Court within thirty days of the filing of the court of appeals' decision.  On March 20, 2006, more than thirty days after both of the court of appeals' orders were filed, Plaintiff filed a petition for further review with the Minnesota Supreme Court, which on April 24, 2006 dismissed the appeal as

untimely.

On April 26, 2007, Plaintiff filed this action and submitted a Complaint making allegations identical to those made in the Hennepin County action. Plaintiff additionally alleged that state courts had failed to investigate his case, that Defendant had "destroyed" his life, and that Plaintiff has been unable to get legal representation. (Compl. ¶¶ 7-9.) In lieu of answering the Summons and Complaint, Defendant filed this Motion to Dismiss for failure to state a claim or in the alternative for Summary Judgment. Defendant contended that collateral estoppel and res judicata bar this action because Plaintiff raised identical claims in state court proceedings. Defendant further argued that the Complaint failed to state a claim because all claims fell outside applicable statutes of limitation.

Plaintiff did not respond to the Motion before appearing pro se at the August 22, 2007, hearing. The Court endeavored to underscore for Plaintiff the grounds that Defendant asserted required dismissal, and gave Plaintiff until August 29, 2007, to submit additional materials. Plaintiff filed a "plea for time" on August 28, 2007, and a substantive response on September 4, 2007, in which he cited Federal Rule of Civil Procedure 60(b) and further outlined his causes of action, but did not explain why dismissal was unwarranted. (See "Grounds for Relief" (Docket No. 29).)

**DISCUSSION**

**A.      Res Judicata and Collateral Estoppel**

The Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires that federal courts give state court judgments the same preclusive effect that such a judgment would be given in the courts of the state rendering the judgment." Lommen v. City of E. Grand Forks, 97 F.3d 272, 274 (8th Cir. 1996). This includes preclusive effects arising under res judicata and collateral estoppel. Allen v. McCurry, 449 U.S. 90, 96 (1980).

Under Minnesota law, res judicata (or claim preclusion) prevents parties from raising subsequent claims in a second action when (1) the earlier claim involved the same set of factual circumstances, (2) the earlier claim involved the same parties or their privities, (3) there was a final judgment on the merits, and (4) the estopped party had a full and fair opportunity to litigate the matter. Brown-Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W.2d 209, 220 (Minn. 2007). Similarly, collateral estoppel (or issue preclusion) arises when (1) the issue is identical to one in a prior adjudication, (2) there was a final judgment on the merits, (3) the estopped party was a party in the prior adjudication, and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. Hauschildt v. Beckingham, 686 N.W.2d 829, 837 (Minn. 2004).

Plaintiff has offered no argument to counter the conclusion that all prongs of res judicata and collateral estoppel are satisfied. The parties and issues are identical and the complaints virtually identical in the federal and state lawsuits. The state court's judgment of dismissal entered on October 12, 2005, constitutes a final judgment on the merits. See

4

Brown-Wilbert, Inc., 732 N.W.2d at 221.  Plaintiff appeared at an August 24, 2005, state

court motion hearing and accordingly "had the incentive to litigate fully the issue."  State v.

Joseph, 636 N.W.2d 322, 328 (Minn. 2001).  Additional allegations in the federal Complaint,

i.e. that the state courts have failed to investigate Plaintiff's case and that Defendant has

"destroyed" his life, involve issues identical to those raised in the state proceedings.  Because

res judicata and collateral estoppel would bar Plaintiff from relitigating the claims in state

court, Plaintiff likewise is barred from relitigating them in federal court.  28 U.S.C. § 1738.

Accordingly, on these grounds Defendant's Motion to Dismiss must be granted.[1]

**B.     Rule 12(b)(6)**

        Defendant's other ground for dismissal arises under Federal Rule of Civil Procedure

12(b)(6), failure to state a claim upon which relief can be granted.  To survive a Rule

12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The Court

---

[1] Defendant stated at oral argument that in the interests of streamlining this matter, Defendant did not cite the Rooker-Feldman doctrine as providing grounds for dismissal.  Under that doctrine, a party who has lost in a state court action is barred from subsequently filing a federal action seeking the prior judgment's review and rejection.  Skit Intern., Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1156-57 (8th Cir. 2007) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292 (2005)); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). Plaintiff's Complaint is virtually identical to the state-court complaint.  The Complaint essentially is an appeal from state court, which this Court can and hereby does conclude sua sponte that it has no jurisdiction to adjudicate.  See Gisslen v. City of Crystal, 345 F.3d 624, 627 (8th Cir. 2003); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

accepts all factual allegations as true and liberally construes the complaint in the light most favorable to the plaintiff. See id. at 1964-65. Thus, a well-pled complaint may proceed even if it appears "that a recovery is very remote and unlikely." Id. at 1965 (quotation omitted). However, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" Jones v. Bock, 127 S. Ct. 910, 920-21 (2007).

The applicable statute of limitations for claims arising under Title VII is 300 days after the alleged unlawful employment practice occurred. See 42 U.S.C. § 2000e-5(e)(1). Liberally construing the Complaint in favor of Plaintiff, it appears that Defendant's decision not to rehire Plaintiff became evident sometime in March 2004, about six weeks after Plaintiff submitted his January 14, 2004 application. The Complaint in this action was filed April 26, 2007, more than 300 days after any alleged reprisal. Plaintiff has made no showing as to why any limitations period should be tolled. Accordingly, all federal claims are time-barred, and Defendant's motion to dismiss the Plaintiff's Title VII claims must be granted.

With only state-law claims remaining, the Court declines to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966). Even if the Court had jurisdiction, the Court agrees with the state court that the complaint fails to state claims for which relief may be granted and that dismissal on that ground would be appropriate.[2]

---

[2] The April 27, 2007, Complaint as liberally construed contains no allegations involving matters after March 2004; accordingly, the MHRA and defamation claims would be time-

## C.    Dismissal With Prejudice

Because the state court already dismissed Plaintiff's state complaint with prejudice, this is not a situation where claims "may be dismissed without prejudice and left for resolution to state tribunals."  Gibbs, 383 U.S. at 726-27; see also Levy v. Ohl, 477 F.3d 988, 993 (8th Cir. 2007) (preclusive effect of state court's dismissal with prejudice bars subsequent action).  Because there are numerous grounds warranting dismissal on the pleadings and/or for lack of jurisdiction, the Court need not consider Defendant's alternative grounds for summary judgment.  Plaintiff's citation to Federal Rule of Civil Procedure 60(b) is not relevant at this stage.

## CONCLUSION

This Court lacks jurisdiction to adjudicate what essentially is an appeal from state

---

barred because the statutes of limitations for those claims are one year and two years respectively.  See Minn. Stat. §§ 363A.28, subd. 3; 541.07(1).  In the negligence count, Plaintiff's failure to plead a causal connection between his 1999 departure and Defendant's 2004 decision not to grant him an interview warrants Rule 12 dismissal.  See Carter v. United States, 123 Fed. Appx. 253 (8th Cir. 2005) (affirming negligence claim dismissal where complaint alleged "omissions, not affirmative acts"); In re Express Scripts, Inc., No. MDL 1672, 2007 WL 1796224, at *11 (E.D. Mo. 2007) (dismissing negligence claim where causation was not pled).  There appears to be no Minnesota cause of action for "malfeasance" against a private employer.  See Claude v. Collins, 518 N.W.2d 836, 842 (Minn. 1994) ("To constitute malfeasance or nonfeasance, conduct must affect the performance of official duties . . . and must relate to something of a substantial nature directly affecting the rights and interests of the public.").

court. Further, Plaintiff has failed to adhere to applicable statutes of limitation and otherwise has failed to state claims upon which relief may be granted. Even though the Court is sympathetic as to Plaintiff's <u>pro se</u> status, "[e]ven pro se litigants must comply with court rules and directives." <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005). Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or in the Alternative for Summary Judgment (Docket No. 8) is **GRANTED**; and

2. The action is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge